UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN LYNN VICTORY,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>HENDERSON NA P.D., et al.,<br><br>　　　Defendant(s). | Case No. 2:23-cv-02086-CDS-NJK<br><br>**ORDER** |

The Court granted Plaintiff's application to proceed *in forma pauperis* subject to making a partial payment. Docket No. 10; *see also* Docket No. 16 (receipt of partial payment). The Court now screens Plaintiff's complaint with respect to the John Doe Henderson police officers pursuant to 28 U.S.C. § 1915(e).[1]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

---

[1] The Court will separately address the claims with respect to the Bank of America, Metro police Defendants, and the Henderson Police Department.

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts a claim against John Doe Henderson police officers for excessive force.  Docket No. 1-1 at 2, 3.  A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013).  Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.*  In this case, Plaintiff alleges that John Doe Henderson police officers punched, stomped, and elbowed Plaintiff while he was laying on the ground without any resistance to arrest. Docket No. 1-1 at 3.  Plaintiff alleges that handcuffs were then applied, at which time he was thrown forward ten feet and upward five feet before landing face first on the ground. *Id.*  Plaintiff alleges he has suffered bodily damage, including broken bones and brain damage. *Id.*  Construing Plaintiff's complaint liberally and considering that this

case is only at the screening stage, these allegations are sufficient to plead a § 1983 claim for excessive force.[2]

The complaint also indicates that Plaintiff was unable to identify the subject officers and, therefore, Plaintiff pleads his claim against them as Doe Defendants. *See* Docket No. 1-1 at 2, 3. The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities of the defendants, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).[3]  As such, the Court will not order issuance of summonses or service at this time. Instead, Plaintiff will be provided 90 days to identify the John Doe Henderson police officers.

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

2. Plaintiff must file a notice with the Court identifying the John Doe Henderson police officers by July 23, 2024. **Failure to comply with this deadline may result in dismissal of this claim.**

IT IS SO ORDERED.

Dated: April 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

[3] Failure to identify doe defendants within the time set by the Court may result in dismissal. *See, e.g., ME2 Prods. v. Doe*, 2017 U.S. Dist. Lexis 63920, at *2-3 (D. Nev. Apr. 27, 2017) (collecting cases).