# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN LYNN VICTORY,

    Plaintiff(s),

v.

HENDERSON NA P.D., et al.,

    Defendant(s).

Case No. 2:23-cv-02086-CDS-NJK

ORDER

The Court granted Plaintiff's application to proceed *in forma pauperis* subject to making a partial payment. Docket No. 10; *see also* Docket No. 16 (receipt of partial payment). The Court now screens Plaintiff's complaint with respect to the Henderson Police Department pursuant to 28 U.S.C. § 1915(e).[1]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,

---

[1] The Court will separately address the claims with respect to the Bank of America, Metro police Defendants, and the John Doe Henderson police officers.

550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint seeks to bring a claim against the Henderson Police Department under 42 U.S.C. § 1983. *See* Docket No. 1-1 at 1. Local governments, such as municipalities, cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.[2]

Plaintiff's complaint alleges that Henderson police officers used excessive force. *See* Docket No. 1-1 at 3. Plaintiff makes no allegations at all with respect to the Henderson Police Department, however, other than alleging that the officers were members of the department. Such allegations are insufficient to plead a claim for *Monell* liability. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom").

---

[2] The proper party in this case would be the City of Henderson and not the Henderson Police Department. *E.g.*, *Wallace v. City of N. Las Vegas*, 2011 WL 2971241, at *1 (D. Nev. July 20, 2011). Regardless, allegations sufficient to state a *Monell* claim are absent here, even were the correct party sued.

In light of the above, Plaintiff has failed to state a claim against the Henderson Police Department. "Generally, a plaintiff who names municipal entities without *Monell* allegations will be given an opportunity to amend the complaint." *Nelson v. Inyo County Sheriffs Dept.*, 2007 WL 2711399, at *5 n.3 (E.D. Cal. Sept. 14, 2007). It seems unlikely that Plaintiff could cure the deficiency identified, but leave to amend will be provided to err on the side of caution.

Accordingly, Defendant Henderson Police Department is **DISMISSED** from the case with leave to amend. Plaintiff will have until **May 24, 2024**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint will result in the recommended dismissal of the Henderson Police Department without further opportunity to amend and the case will instead proceed only with respect to the John Doe Henderson police officers.**

IT IS SO ORDERED.

Dated: April 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

3