# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN LYNN VICTORY,

    Plaintiff(s),

v.

HENDERSON NA P.D., et al.,

    Defendant(s).

Case No. 2:23-cv-02086-CDS-NJK

**REPORT AND RECOMMENDATION**

The Court granted Plaintiff's application to proceed *in forma pauperis* subject to making a partial payment. Docket No. 10; *see also* Docket No. 16 (receipt of partial payment). The Court now screens Plaintiff's complaint with respect to Bank of America and the Las Vegas Metropolitan Police Department ("LVMPD") Defendants[1] pursuant to 28 U.S.C. § 1915(e).[2]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, <u>and</u> (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a).

---

[1] The caption identifies the "Metro P.D." as a Defendant and the next page identifies officer C. LaRose as a Defendant. *See* Docket No. 1-1 at 1, 2.

[2] The Court will separately address the claims with respect to the Henderson Police Department and the John Doe Henderson police officers.

Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties. *See* Fed. R. Civ. P. 21. "Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead*, 66 F. Supp. 3d at 1263. The Court may exercise its discretion under Rule 21 *sua sponte* at any time. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); *see also, e.g.*, *Doop v. Wolfson*, 2022 WL 16949713, at *2 (D. Nev. Nov. 15, 2022) (addressing improper joinder at screening stage).

Plaintiff's complaint addresses two distinct incidents. First, Plaintiff alleges he was subjected to excessive force by Henderson police officers on December 31, 2022. Docket No. 1-1 at 3. Second, Plaintiff alleges that Bank of America improperly reported him to police and that an LVMPD officer (C. LaRose) then allegedly used excessive force on August 2, 2023. *Id.* at 2, 4-5. The claim arising out of the alleged 2022 incident (involving Henderson police officers) appears to be entirely distinct from the claims arising out of the alleged 2023 incident (involving Bank of America and an LVMPD police officer). As such, the latter claims arising out of the alleged 2023 incident are subject to dismissal without prejudice.[3]

Accordingly, the undersigned **RECOMMENDS** that Defendants Metro P.D., LVMPD police officer C. LaRose, and Bank of America be **DISMISSED** from this case without prejudice.

Dated: April 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court expresses no opinion herein on the merits of the claims against Bank of America or the LVMPD Defendants.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).