# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN LYNN VICTORY,

    Plaintiff(s),

v.

HENDERSON NA P.D., et al.,

    Defendant(s).

Case No. 2:23-cv-02086-CDS-NJK

**ORDER**

[Docket No. 23]

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 23.

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Nonetheless, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015).[1] When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In the circumstances of this case, the Court is not persuaded that requesting an attorney for Plaintiff is warranted. While the Court notes that Plaintiff has stated one colorable claim sufficiently to proceed past the pleading stage, *see* Docket No. 17, Plaintiff has not yet demonstrated that evidence shows a likelihood to succeed on the merits of that claim, *cf. Hucker*

---

[1] "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020).

*v. Daub*, 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (collecting cases that stating a colorable claim is not, standing alone, sufficient to demonstrate a likelihood of success on the merits). Moreover, the claims alleged are not complex. Plaintiff has thus far shown a sufficient ability to articulate claims and arguments without the assistance of counsel.

Accordingly, the motion to appoint counsel is **DENIED**.

IT IS SO ORDERED.

Dated: May 13, 2024

_____
Nancy J. Koppe
United States Magistrate Judge