UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN LYNN VICTORY,<br><br>    Plaintiff(s),<br><br>v.<br><br>HENDERSON NA P.D., et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-02086-CDS-NJK<br><br>ORDER |

On April 24, 2024, the Court screened Plaintiff's complaint and dismissed the Henderson Police Department with leave to amend. Docket No. 19. Plaintiff has filed a second amended complaint. Docket No. 31.[1] The Court now screens Plaintiff's second amended complaint with respect to municipal liability pursuant to 28 U.S.C. § 1915(e).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

---

[1] Plaintiff filed an amended complaint in the interim, Docket No. 22, which has now been superseded by the second amended complaint.

1

*Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint seeks to bring a claim against the Henderson Police Department under 42 U.S.C. § 1983. *See* Docket No. 1-1 at 1. Local governments, such as municipalities, cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. A plaintiff may also establish *Monell* liability by proving that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021).

Plaintiff's case centers on allegations that Henderson police officers used excessive force. *See, e.g.*, Docket No. 1-1 at 3.[2] With respect to municipal liability, the second amended complaint appears to rely on a ratification theory in that the police department found after an investigation that the police officers "did not commit any act of misconduct as alleged." *See* Docket No. 31 at 4. The Court does not find this allegation sufficient to state a claim for municipal liability. "In order for there to be ratification, there must be 'something more' than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures." *Garcia v. City of Imperial*, 2010 WL 3911457, at *2 (S.D. Cal. Oct. 4, 2010). As explained in a leading case within the Ninth Circuit:

> The law does not say that every failure to discipline an officer who has shot someone is evidence of a "whitewash" policy or some other policy of "sham" investigations. The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under § 1983. If that were the law, counties might as well never conduct internal investigations and might as well always admit liability. But that is not the law. The law clearly requires "something more."

*Kanae v. Hodson*, 294 F. Supp. 2d 1179, 1191 (D. Haw. 2003); *see also, e.g.*, *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1099-1101 (N.D. Cal. 2005) (concluding that ratification cannot be established through "deliberate indifference towards a

---

[2] Plaintiff was given leave to amend to attempt to cure deficiencies as to his municipal claim against the city of Henderson regarding his allegations that police officers used excessive force. *See* Docket No. 19 at 3. Plaintiff's second amended complaint appears to include a claim related to the adequacy of medical treatment that he received from the hospital. *See* Docket No. 31 at 10-11. Plaintiff did not seek leave to amend to add a new type of claim to the case, so the Court declines to address these allegations herein. *Cf. Lebsock v. General Motors*, 2023 WL 1796455, at *4 (D. Nev. Feb. 7, 2023). The Court notes, in addition, that it is not entirely clear that allegations regarding medical treatment are properly included in this case. *See, e.g.*, Fed. R. Civ. P. 20; *see also* Docket No. 27 (adopting report and recommendation that certain other claims be dismissed as improperly brought within this case).

The second amended complaint also now names as defendants the Henderson Police Chief and Officer of Internal Affairs. *See, e.g.*, Docket No. 31 at 2. To the extent these officers are sued in their official capacities, the claims fail for the reasons stated herein with respect to municipal liability. *See, e.g.*, *Hale v. Shinn*, 2023 WL 2759026, at *13 (D. Ariz. Apr. 3, 2023). To the extent these officers are sued in their individual capacities, Plaintiff failed to seek leave to add them as new parties, so the Court declines to address such allegations herein. *Cf. Lebsock*, 2023 WL 1796455, at *4.

single after-the-fact investigation"); *Almeida v. City of Long Beach*, 2020 WL 551598, at *2 (C.D. Cal. Feb. 4, 2020); *Muller v. Cruz*, 2015 WL 9455565, at *3-4 (C.D. Cal. Dec. 23, 2015).

In this case, the second amended complaint attempts to establish ratification based on the fact that the police department's subsequent investigation concluded that the officers did not engage in misconduct. *See* Docket No. 31 at 4. The existence of that investigation and conclusion does not establish ratification. Moreover, although the second amended complaint includes unelaborated assertions that the investigation was "inadequate," *id.* at 2, and not "proper[]," *id.* at 5, such "labels and conclusions" fail to allege that the investigation conducted suffices as a ratification of any alleged wrongdoing by the police officers, *see Iqbal*, 556 U.S. at 678.

In short, the second amended complaint fails to sufficiently state a claim for municipal liability arising out of the excessive force alleged. Plaintiff has already been given an opportunity to amend the complaint to state such a claim, which militates against allowing another opportunity. *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Moreover, it is not clear that Plaintiff can cure this deficiency through further amendment. Nonetheless, the Court will provide Plaintiff one, final opportunity to amend if he believes he can cure this deficiency.

Accordingly, for the reasons stated above, the second amended complaint is **DISMISSED** with leave to amend except with respect to the excessive force claims against the John Doe Henderson police officers (*see* Docket No. 17). Plaintiff will have until **October 7, 2024**, to file a Third Amended Complaint, if the noted deficiencies can be corrected.[3] If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the prior complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in an amended

---

[3] Absent leave being granted otherwise, the third amended complaint may not add new claims or new defendants.

complaint each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to file comply with this order may result in dismissal of the subject claims.**

    IT IS SO ORDERED.

    Dated: August 29, 2024

                                              Nancy J. Koppe
                                              United States Magistrate Judge