**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUSTIN LYNN VICTORY, | Case No. 2:23-cv-02086-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 37] |
| HENDERSON NA P.D., et al., | |
| Defendant(s). | |

On May 13, 2024, the Court denied Plaintiff's motion for appointment of counsel. Docket No. 23. Plaintiff has now filed a motion for reconsideration. Docket No. 37.

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

Grounds for reconsideration have not been shown. For example, Plaintiff's motion indicates that he faces difficulties in litigating this case in light of his status as an incarcerated prisoner, *see, e.g.*, Docket No. 37 at 1, but the Court has already explained that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel," Docket No. 24 at 1 n.1. (quoting *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020)). Moreover, the record has not changed as to Plaintiff's likelihood of success or his ability to articulate claims and arguments without counsel. *See* Docket No. 24 at 1-2.

1

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel.

IT IS SO ORDERED.

Dated: August 29, 2024

_____

Nancy J. Koppe
United States Magistrate Judge

2