1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                               **DISTRICT OF NEVADA**
6   JUSTIN LYNN VICTORY,                        Case No. 2:23-cv-02086-CDS-NJK
7           Plaintiff(s),
                                                           **ORDER**
8   v.                                                        **AND**
                                            **REPORT AND RECOMMENDATION**
9   HENDERSON NA P.D., et al.,
                                                [Docket Nos. 43, 46, 47, 48, 49]
10          Defendant(s).

11          On April 24, 2024, the Court screened Plaintiff's complaint, finding that a claim had been

12   stated against the John Doe Henderson police officers.  Docket No. 17.[1]  The Court required

13   Plaintiff to identify these police officers by July 23, 2024.  *See id.* at 3.  The Court warned therein

14   that "**[f]ailure to comply with this deadline may result in dismissal of this claim.**"  *Id.* at 1

15   (emphasis in original).

16          On July 12, 2024, Plaintiff filed a motion to extend the time to identify the John Doe

17   Henderson police officers.  Docket No. 32.  Plaintiff explained therein that he was attempting to

18   obtain documentation from his attorney (Kenneth Frizzell) to identify the John Doe Henderson

19   police officers, but that he had not yet received that documentation. *Id.* at 1-2. On July 12, 2024,

20   the Court granted that motion to extend, resetting the deadline for Plaintiff to identify the John

21   Doe Henderson police officers for September 6, 2024.  Docket No. 33.  The Court again warned

22   therein that "**[f]ailure to comply with this deadline may result in dismissal of this claim.**"  *Id.*

23   at 1 (emphasis in original).

24          Plaintiff did not comply with that deadline.  Instead, he has filed a motion to extend the

25   deadline that was again predicated on assertions that Plaintiff was attempting to obtain relevant

26   documentation from Attorney Frizzell.  Docket No. 39.  On August 28, 2029, the Court noted the

27   _____

28   [1] This case has at various times included other defendants, but all other defendants have at
     this point been dismissed.

                                                    1

ample time already provided to identify the John Doe Henderson police officers and the thin showing made for another extension, but allowed a "final extension to this deadline" and extended it to October 7, 2024.   Docket No. 40 at 1.   The Court warned that "**NO FURTHER EXTENSIONS WILL BE GRANTED, SO FAILURE TO COMPLY WITH THIS DEADLINE MAY RESULT IN DISMISSAL OF THE SUBJECT CLAIMS.**" *Id.* (emphasis in original).  Plaintiff did not comply with that deadline.

Although disfavored, the Ninth Circuit has permitted pleading of claims against unknown defendants in some circumstances.  *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  In such a scenario, however, the Plaintiff must undertake efforts to identify the unknown defendants.  *See, e.g.*, *id.*  Courts are well within their discretion to set a deadline by which the plaintiff must identify unknown defendants and courts routinely reject efforts to maintain claims against unknown defendants when their true identifies have not been identified within a reasonable time.  *See Rich v. Wexford Health Sols.*, 2011 WL 53064, at *3 (D. Ariz. Jan. 7, 2011) (providing *pro se* prisoner with 60 days to discover actual names of doe defendants and explaining that failing to comply with that deadline will result in dismissal); *see also ME2 Prods. v. Doe*, 2017 U.S. Dist. Lexis 63920, at *2-3 (D. Nev. Apr. 27, 2017) (collecting cases).

As noted above, the already-extended deadline to identify the John Doe Henderson police officers has expired.  Plaintiff instead filed various motions regarding a desire to extend this deadline further and to obtain discovery and subpoenas.  Docket Nos. 43, 46, 47, 48, 49.  The problem with these motions is that they fail to explain why Plaintiff is likely to obtain information from his attorney at this juncture given his lack of success previously, they fail to explain how service is feasible of any subpoena given Plaintiff's incarcerated status, *see* Fed. R. Civ. P. 45(b)(1), they do not attach a proposed subpoena, and/or they do not explain how the subpoena sought is likely to lead to the identification of the John Doe Henderson police officers.[2]  The Court

---

[2] For example, Plaintiff seeks to subpoena phone records.  Docket Nos. 46, 48.  The phone records are apparently sought not to actually identify the John Doe Henderson police officers, but rather to support Plaintiff's contention that his attorney has not been providing him requested documentation.  *See* Docket No. 46.  The motions do not attach proposed subpoenas or identify the proposed recipients of such subpoenas.

has been given no reason to believe that allowing the relief sought will result in the actual identification of the John Doe Henderson police officers.  In addition, Plaintiff has already had six months to identify the John Doe Henderson police officers, has already been warned repeatedly that failing to do so may result in dismissal, and has been told that further extensions would not be granted.

Accordingly, the Court **DENIES** the pending motions to extend, for discovery, and for subpoenas.  Docket Nos. 43, 46, 47, 48, 49.  The undersigned **RECOMMENDS** that the claims against the John Doe Henderson police officers be **DISMISSED** without prejudice and that this case be closed.

Dated: November 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).