UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John Lynn Victory, | Case No.: 2:23-cv-02086-CDS-NJK |
| Plaintiff | **Order Overruling Objection, Adopting the Report and Recommendation, Denying Motions as Moot, and Closing Case** |
| v. | |
| John Doe X, et al., | |
| Defendants | [ECF Nos. 50, 51, 52, 53, 54, 55, 56, 57] |

John Lynn Victory, an inmate in the custody of the Nevada Department of Corrections, brought this action under 42 U.S.C. § 1983 against "John Doe" defendants. Second am. compl., ECF No. 45. On November 6, 2024, Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) that I dismiss the second amended complaint without prejudice for failing to identify the "John Doe" defendants after being given numerous extensions to do so, and to close this case. R&R, ECF No. 50. On November 12, 2024, Victory filed an objection to the R&R. Obj., ECF No. 53. Victory has also filed six additional motions. Mots., ECF Nos. 51, 52, 54, 55, 56, 57. For the reasons set forth herein, I overrule Victory's objection, adopt Judge Koppe's R&R in full, and dismiss this case without prejudice. Because this order closes this action, I deny all pending motions as moot.

I.      Background

Victory commenced this action in December 2023. Compl., ECF No. 1-1. In April 2024, the complaint was screened pursuant to 28 U.S.C. § 1915 and the magistrate judge determined that Victory had stated a claim against unidentified "John Doe" Henderson Police Officers. Screening order, ECF No. 17 at 2. Victory was given until July 23, 2024, to identify them. *Id.* at 3. Victory was warned that failure to identify the officers by that time may result in dismissal of the claim. *Id.* at 3 n.3.

1        On July 12, 2024, Victory filed a motion to extend the time to identify the John Doe

2 officers (ECF No. 32), which was granted, and Victory was given until September 6, 2024, to

3 identify the officers. Order, ECF No. 33. In the order granting the extension, Victory was again

4 cautioned that failure to identify the officers by the deadline "may result in dismissal of this

5 claim." *Id.* at 1.

6        Victory did not comply with the September 6 deadline. Rather, he filed a second motion

7 to extend time to identify the officers, arguing—much like his first motion—that he needed

8 additional time to obtain documents from his attorney so he could identify the officers. ECF No.

9 39. That motion was granted. ECF No. 40. On August 29, 2024, Judge Koppe dismissed the

10 amended complaint without prejudice and with leave to amend. ECF No. 41.

11        On September 24, 2024, Victory filed a second amended complaint against John Doe

12 officers from the Henderson Police Department. ECF No. 45. On November 6, 2024, Judge

13 Koppe issued her report recommending that I dismiss this case without prejudice for failing to

14 identify the John Doe defendants after being given two extensions to do so, and to close this

15 case. R&R, ECF No. 50. On November 12, 2024, Victory filed an objection to the R&R. Obj.,

16 ECF No. 53.

17 **II.      Legal standard**

18        "A judge of the court shall make a de novo determination of those portions of the report

19 or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

20 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or

21 recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district

22 judge must review the magistrate judge's findings and recommendations de novo if objection is

23 made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

24        A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to

25 law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly

26 erroneous" if the court has "a definite and firm conviction that a mistake has been committed."

1 *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th

2 Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

3 case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882,

4 at *1 (D. Nev. Sept. 16, 2014).

5 **III.     Discussion**

6       Victory's objection fails to demonstrate that Judge Koppe's findings or recommendations

7 are clearly erroneous or contrary to the law. Rather, Victory again seeks additional time to

8 obtain legal documents. ECF No. 53. This is insufficient to sustain his objection. Local Rule IB

9 3-2 requires a party to file "specific written objections" to a magistrate judge's findings and

10 recommendations. LR IB 3-2(a); *see also* Fed. R. Civ. P. 72(b)(2) (objections must be written and

11 specific); *Greene v. People of Cal.*, 2015 WL 4393897, at *1 (D. Nev. July 16, 2015). "Numerous courts

12 have held that a general objection to the entirety of a magistrate judge's report has the same

13 effect as a failure to object." *Alcantara v. McEwen*, 2013 WL 4517861, at *1 (S.D. Aug. 15, 2013)

14 (collecting cases).

15       Because Victory has lodged a general objection to the recommendation that I dismiss the

16 claims against the unidentified officers, I overrule his objection and adopt the R&R in its

17 entirety. This action is dismissed without prejudice. Victory is advised that when a case is

18 dismissed without prejudice, a plaintiff may refile the case so long as it is not legally barred (i.e.,

19 by the statute of limitations). This will permit Victory to gather the information he needs to

20 bring a claim against identified officers, instead of "John Doe" officers. Further, because this

21 action is now dismissed, all other pending motions are denied as moot.

22 **IV.     Conclusion**

23       IT IS HERBY ORDERED that Victory's objection **[ECF No. 53] is OVERRULED**.  The

24 magistrate judge's report and recommendation **[ECF No. 50] is ADOPTED in its entirety**. This

25 action is now dismissed without prejudice.

26

IT IS FURTHER ORDERED that plaintiff's motions [ECF Nos. 51, 52, 54, 55, 56, 57] are **DENIED as moot.**

The Clerk of Court is kindly directed to close this case.

Dated: December 17, 2024

_____
Cristina D. Silva
United States District Judge

4