UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Justin Lynn Victory,<br><br>    Plaintiff<br><br>v.<br><br>John Doe X, 1 and 2,<br><br>    Defendants | Case No. 2:23-cv-02086-CDS-NJK<br><br>**Order Denying Plaintiff's Motion to Aside and Reopen this Case, and to Amend the Complaint**<br><br>[ECF Nos. 60, 61] |

  Plaintiff Justin Victory brought this action against unnamed officers from the Henderson Police Department. *See* Sec. am. compl., ECF No. 45. In December 2024, I dismissed this case without prejudice after Victory failed to comply with a court order requiring him to identify the "John Doe" defendants, despite being given numerous extensions to comply. *See* Dismissal order, ECF No. 58. Liberally construed, Victory now moves to set aside my dismissal order, arguing that he was denied representation and access to discovery. Mot. set aside j., ECF No. 60. He also moves to amend his complaint to identify the defendants. Mot. am. compl., ECF No. 61. For the reason set forth herein, the motions are denied.

I. Discussion

  Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Subsection (b)(6) of that Rule also allows the Court to relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6), however, is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *See Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). To be entitled to relief, the moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*,

452 F.3d at 1103.  A motion under Rule 60(b) must be made within a reasonable time, generally "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). However, a Rule 60(b)(6) motion may be considered "even after one year has passed for any other reason justifying relief from the operation of the judgment." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

Victory's motion to set aside is denied. Although under the one-year mark, Victory was first ordered to identify the doe defendants in July 2024. *See* ECF No. 17 at 3. Despite numerous extensions, he failed to comply, so this action was dismissed. Victory now brings this motion 11 months after this case was dismissed. In his motion to set aside, Victory states he can move forward because he finally received discovery from the Flanagas Law firm on November 4, 2025, although his original motion to reopen was filed in October. *See* ECF No. 61. The court understands Victory may have recently received discovery related to this case, but this action laid dormant for months, and Victory failed to file any objection to the report and recommendation that this action be dismissed. In light of the history of this case, Victory's request is unreasonable at this time. *See In re Int'l Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) ("What qualifies as a reasonable time depends on the facts of each case[,]" and "[t]he relevant facts may include the length and circumstances of the delay and the possibility of prejudice to the opposing party."). The court reminds Victory that this action was dismissed without prejudice, meaning he can possibly refile his claims in a new case. But his request to reopen this action is denied.

## II. Conclusion

IT IS HEREBY ORDERED that Victory's motions to reopen and amend **[ECF Nos. 60, 61] are DENIED.** There can be no additional filings in this closed case.

Dated: December 9, 2025

_____
Cristina D. Silva
United States District Judge